O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN MARTIN MEZA,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>Respondent. | Case No. 2:21-CV-04189 FMO (KES)<br><br>ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |

On May 18, 2021, Brayan Martin Meza ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Pet."].[1]) Petitioner also filed: (1) a request to proceed *in forma pauperis* (Pet. at 9–14);[2] and (2) a consent to proceed before a United States Magistrate

---

[1] Citations refer to pagination imposed by the Court's e-filing system.

[2] The Court also notes that while Petitioner's request to proceed *in forma pauperis* ("IFP") indicates a zero balance in his prison trust account, he recently made sizeable IFP filing fee payments in several civil cases he has pending. See Meza v. California Health Care Facility, No. 2:18-cv-02315 (C.D. Cal. May 20, 2021) (Dkt. 38: $70.00 IFP payment received); Meza v. Borders, No. 2:19-cv-10297 (C.D. Cal. May 20, 2021) (Dkt. 15: $70.00 IFP payment received); Meza v. Borders, No. 2:19-cv-10295 (C.D. Cal. May 20, 2021) (Dkt. 18: $60.00 IFP payment received).

Judge (Dkt. 2).³ The Petition is the third habeas corpus petition that Petitioner has filed in this Court stemming from his 2013 state court conviction and sentence in Los Angeles County Superior Court (Case No. MA054914).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

## I.

## BACKGROUND

**A.  State Court Proceedings.**

In 2013, Petitioner was sentenced to prison for a term of forty years to life after a jury convicted him of aiding and abetting second degree murder and found true facts supporting a gang enhancement and firearm enhancement. Meza v. Barretto, No. 2:16-cv-05867 (C.D. Cal. filed Aug. 5, 2016) ("Meza I") (Dkt. 21 at 3).⁴ Petitioner appealed his conviction (Case No. B250365). Id. Petitioner challenged the sufficiency of the evidence to support the sentence enhancements

---

³ "[A]ll defendants, even unserved defendants, must consent before a magistrate judge can issue dispositive orders." Branch v. Umphenour, 936 F.3d 994, 1005 (9th Cir. 2019); see Williams v. King, 875 F.3d 500, 503–04 (9th Cir. 2017).

⁴ Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the docket sheets and related documents in Meza I and Meza II. See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157 (1969); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

and the related jury instructions, and he also argued that the prosecutor misstated the law during closing arguments.  Id.  On March 5, 2015, the Court of Appeal affirmed the conviction.  Id.  Petitioner filed a petition for review in California Supreme Court (Case No. S225399).  Id.  On May 20, 2015, the California Supreme Court summarily denied discretionary review.  Id.

In May 2016, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which on May 16, 2016, found the petition "fatally deficient on three independent grounds."  Id. at 4.  In June 2016, Petitioner filed a habeas petition in the California Court of Appeal (Case No. B275823), which summarily denied the petition on July 11, 2016.  Id.

In September 2016, Petitioner filed another habeas petition in the Los Angeles County Superior Court, which was summarily denied on March 3, 2017.  Meza v. Borders, No. 2:19-cv-01822 (C.D. Cal. filed March 13, 2019) (Meza II) (Dkt. 42 at 3).  In February 2017 and later amended in August 2017, Petitioner filed a habeas petition in the California Supreme Court (Case No. S240065), which was summarily denied on January 16, 2019.  Id.  In February 2017, Petitioner also filed a habeas petition in the California Court of Appeal (Case No. B280881), which was summarily denied on July 21, 2017.  Id.  In April 2017, Petitioner filed another habeas petition in the California Court of Appeal (Case No. B282298), which was summarily denied on July 21, 2017.  Id.

In May 2019, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on August 14, 2019.  See California Appellate Courts Case Information, Case No. S255883.[5]  In July 2019, Petitioner filed a habeas petition in the California Court of Appeal, which was summarily denied on August 26, 2019.  See California Appellate Courts Case Information, Case No.

---

[5] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/index.cfm>.

B299260.  In October 2019, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on February 11, 2020.  See California Appellate Courts Case Information, Case No. S258810.  In March 2020, Petitioner filed a habeas petition in the California Court of Appeal, which was summarily denied on March 16, 2020.  See California Appellate Courts Case Information, Case No. B304679.  In April 2020, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on July 8, 2020.  See California Appellate Courts Case Information, Case No. S261961.  In June 2020, Petitioner filed a habeas petition in the California Court of Appeal, which was summarily denied on June 22, 2020.  See California Appellate Courts Case Information, Case No. B306293.

In early 2020, Petitioner moved the Los Angeles County Superior Court for resentencing pursuant to California Senate Bill 1437.[6]  (Pet. at 21.)  The request was apparently denied, because an appeal was filed in September 2020 in the California Court of Appeal and remains pending.  See California Appellate Courts Case Information, Case No. B307736.

**B.** <u>**Prior Federal Habeas Petitions.**</u>

On August 5, 2016, Petitioner filed his first habeas petition in federal court, which was dismissed without prejudice as wholly unexhausted on February 27,

---

[6] Senate Bill 1437, which became effective on January 1, 2019, restricted the circumstances under which a participant in an underlying offense may be found guilty of murder on a felony-murder or natural-and-probable-consequences theory.  See Cal. Penal Code § 189.  "The bill created a statutory provision, California Penal Code section 1170.95, allowing sentencing courts to grant retroactive relief to criminal defendants convicted of murder who do not meet the newly restricted criteria."  Esparza v. Lizarraga, No. 2:17-CV-03168-AB-MAA, 2019 WL 6749449, at *3, 2019 U.S. Dist. LEXIS 188452, at *7 (C.D. Cal. Aug. 7, 2019), report and recommendation adopted, No. 2:17-CV-03168-AB-MAA, 2019 WL 5589040, 2019 U.S. Dist. LEXIS 188434 (C.D. Cal. Oct. 28, 2019), certificate of appealability denied sub nom. Esparza v. Asuncion, No. 19-56299, 2021 WL 1884024, 2021 U.S. App. LEXIS 6558 (9th Cir. Mar. 5, 2021).

2017.  Meza I (Dkt. 1, 21, 25, 26).[7]  On March 13, 2019, Petitioner filed his second habeas petition in federal court, which was dismissed with prejudice as untimely on February 3, 2020.  Meza II (Dkt. 1, 43).

On May 18, 2021, Petitioner filed the instant Petition.

## II.

## DISCUSSION

The instant Petition raises a single claim for relief: ineffective assistance of appellate counsel for failing to raise a claim that the Los Angeles County Superior Court failed to properly instruct the jury in case no. MA054914.  (Pet. at 5, 17–18.)

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[7] In November 2015, Petitioner filed a request for extension of time in which to file a writ of habeas corpus, which was dismissed without prejudice on November 24, 2015, for lack of subject matter jurisdiction as an invalid request to seek an advisory opinion.  Meza v. The People of the State of California, No. 2:15-cv-08809 (filed Nov. 12, 2015) (Dkt. 1, 3).

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244(b) (emphasis added).

The Petition now pending constitutes a second and successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claim prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001). IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 25, 2021   _____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

*Karen E. Scott*
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE